UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-07922-MCS-DSR** | Date | July 31, 2026 |
| Title | ***Ruiz v. MNRO Holdings LLC*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

This is an employment action. Defendants MNRO Holdings LLC and Monro, Inc., removed the action from state court, invoking diversity jurisdiction. (Notice of Removal ¶ 1, ECF No. 1.)

The Court questions its jurisdiction over the action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (obliging courts to examine subject-matter jurisdiction issues sua sponte). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

The amount in controversy is not clear from the face of the complaint. Plaintiff's civil case cover sheet invokes the state court's unlimited jurisdiction, (Notice of Removal Ex. F, ECF No. 1-6), so the Court surmises that Plaintiff asserts the amount in controversy exceeds $35,000, *see* Cal. Civ. Proc. Code §§ 85(a), 88. But nothing in the complaint indicates whether the total amount Plaintiff seeks exceeds $75,000. The Court questions Defendants' representations concerning the amount in controversy presented in the notice of removal. Although Defendants note that Plaintiff seeks various monetary remedies, including back and front pay, lost benefits, diminished earning capacity damages, emotional distress damages, statutory penalties, attorney's fees, interest, and punitive damages, (Notice of Removal ¶ 9), Defendants provide no reasonable estimate of the value of those remedies, which is necessary to determine the total amount in controversy.

The Court orders Defendants to show cause why this action should not be remanded to the Los Angeles County Superior Court for lack of subject-matter jurisdiction. Defendants shall file a written response within seven days either acknowledging the Court lacks diversity jurisdiction or establishing by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino*, 506 F.3d at 699; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring "[e]vidence establishing the amount . . . when . . . the court questions[] the defendant's allegation" of the amount in controversy). Plaintiff may file a written response within seven days of the filing of Defendants' response. Alternatively, this order to show cause may be satisfied by a statement or stipulation acknowledging that the Court lacks jurisdiction and consenting to remand.

**IT IS SO ORDERED.**